## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY HEALTH BENEFIT PLAN, | : | |
| 19 Campus Boulevard, Suite 200 | : | |
| Newtown Square, PA 19073-3228, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| FT ELEVATOR LLC | : | |
| 2072 Stanford Dr. | : | |
| Anchorage, AK 99508-4458, | : | |
| and | : | |
| DONALD A. PLANCICH | : | |
| 2072 Stanford Dr. | : | |
| Anchorage, AK 99508-4458, | : | |
| Defendants. | : | |

## COMPLAINT
### Jurisdiction

1.      This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of

the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C.

§§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to

submit benefit payments pursuant to a Collective Bargaining Agreement, to collect contributions

found due in a payroll audit, to collect reported and unpaid contributions, to enjoin the violations of

the terms of the employee benefit plans and to collect the outstanding contributions from an officer

individually.

### Parties

2.      The Plaintiffs are the Board of Trustees of the National Elevator Industry Health

Benefit Plan ("NEI Health Benefit Plan").  The NEI Health Benefit Plan is a multi-employer

employee benefit plan as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C.

§1002(3) and (37).  The NEI Health Benefit Plan is established and maintained according to the

provisions of Agreements and Declarations of Trust and is provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant.  The NEI Health Benefit Plan is administered by the Trustees of the National Elevator Industry Health Benefit Plan, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, FT Elevator LLC ("FT Elevator"), is a corporation existing under the laws of the Alaska with offices located at 2440 East Tudor Road #322, Anchorage, AK 99507. The company may also be located at 2072 Stanford Drive, Anchorage, AK 99508.  Upon information and belief, Defendant transacts business in Alaska as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.      Upon information and belief, at all times relevant herein, Defendant, Donald A. Plancich ("Plancich"), who may also be known as Don A. Plancich, is an officer and/or owner of FT Elevator, with an address of 2072 Stanford Drive, Anchorage, AK 99508.  Upon information and belief, Donald A. Plancich, at all times relevant herein, exercised control and discretion over the payroll of FT Elevator including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of FT Elevator.  As such, Donald A. Plancich is a fiduciary to the NEI Health Benefit Plan, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

5.      FT Elevator executed Collective Bargaining Agreements with the International

Union of Elevator Constructors on September 28, 2010 and August 7, 2012 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by FT Elevator.

6.      Pursuant to its Agreements, FT Elevator agreed to pay to the NEI Health Benefit Plan certain sums of money for each hour worked by all employees of Defendant covered by the Agreement.

7.      Paragraph 7 of these Agreements states: "The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds."

8.      FT Elevator is bound to the Restated Agreements and Declarations of Trust establishing the NEI Health Benefit Plan (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").   The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

9.      The NEI Funds Trust Documents provide the reporting requirements for signatory

3

employers.   Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the

National Elevator Industry Health Benefit Plan provides as follows:

> All contributions shall be made effective as of the 15th day of each
> month for the preceding month and, shall continue to be paid as long
> as the Employer is so obligated pursuant to the Standard Agreement or
> other collective bargaining agreement or participation agreement or
> until he ceases to be an Employer within the meaning of this Agreement
> and Declaration of Trust as herein provided.

10.    Upon information and belief, FT Elevator employed certain employees covered by

the Agreement during the months of September 2010 through and including May 2017.

11.    The Agreements and Declarations of Trust establishing the NEI Health Benefit

Plan provide that when an Employer fails to pay the amounts required by the Collective

Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts
> due the Trust Fund.  If the Trustees filed suit to collect any amounts
> due the Trust Fund, the Trustees shall also seek liquidated damages
> in the amount of twenty percent (20%) of the contributions due at the
> time the lawsuit is filed.  In addition to the liquidated damages
> authorized under the Employee Retirement Income Security Act
> (ERISA), the Trustees shall also seek all interest, costs and
> attorney's fees associated with collection of the delinquent
> contributions.  The Employer agrees that the Trustees may seek any
> additional contributions, interest, liquidated damages, costs and
> attorney's fees that come due the Trust Fund between the date the
> lawsuit is filed, and the date the Judgment is entered by the Court.

12.    FT Elevator reported $4,923.50 in contributions due for the month of June 2016.

FT Elevator paid $4,666.25.   A balance exists for this month for the health portion of contributions

of $122.62.  Additional interest has and will accrue on this outstanding amount.

13.    The NEI Funds Trust Documents provide that any participating employer may be

4

audited.   Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the

National Elevator Industry Pension Fund provides as follows:

> Par. 8.  <u>Audit</u>.  The Trustees may, by their designated, independent Certified
> Public Accountant, audit the payroll records (including payroll tax returns and all
> supporting records) of any Employer at the Employer's place of business.  The
> audit shall be conducted at any reasonable time during the business hours of the
> Employer.  In the event that the audit discloses that the Employer has underpaid
> his contributions due in an amount that is equal to or exceeds five (5%) percent
> of the contributions due during the audit period, then all costs associated with the
> audit shall be assessed against the Employer.  If there is less than a five (5%)
> percent discrepancy, then the Fund shall pay the cost of the audit.
> Notwithstanding the foregoing, in any case where the Trustees have claimed in a
> lawsuit any amount due as disclosed by the audit, then the Employer shall be
> liable for all costs associated with the audit.  This right to audit shall include the
> right to examine all such other books and records of the Employer as the
> Trustees' independent Certified Public Accountant shall deem necessary.

14.    The Trustees' auditor, Daniel A. Winters & Co., audited FT Elevator for the period

of September 28, 2010 to April 30, 2014.  The audit found that FT Elevator owes $81,450.60 in

contributions to the NEI Health Benefit Plan for Donald Plancich.  In addition, the audit evidences

that FT Elevator owes $5,496.40 for incorrectly reported Health Benefit Plan contributions.  A

balance exists for the audit for health Benefit Plan contributions of $86,947.00.  Additional interest

has and will continue to accrue on this outstanding audit amount.  FT Elevator also owes the audit

fees associated with the audit.  These amounts remain outstanding.

15.    FT Elevator's contributions on behalf of its elevator constructors for the period

September 2010 to April 2014 and June 2016 are late.

16.    The Agreements and Declarations of Trust establishing the NEI Health Benefit Plan

provide that when an Employer fails to pay the amounts required by the Collective Bargaining

Agreement on time:

The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees file suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

17.    The Agreements and Declarations of Trust establishing the NEI Health Benefit Plan provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  FT Elevator is bound to the Agreements and Declarations of Trust.

18.    Pursuant to this provision, FT Elevator is obligated to the NEI Health Benefit Plan in the amount of $17,410.65 in liquidated damages assessed on the health portion of the contributions found due in the audit, the unpaid portion of the health contributions for June 2016, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Health Benefit Plan pray judgment as follows:

A.    For $86,947.00 in contributions due for the payroll audit of September 28, 2010 to April 30, 2014, plus additional accrued interest and audit fees; and

B.    For $122.62 in contributions due for June 2016; and

C.      For liquidated damages in the amount of $17,410.65; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G.      For such further relief as the Court may deem appropriate.

## COUNT II

19.      The NEI Health Benefit Plan hereby adopts, incorporate and restate in Count II paragraphs 1 through 18 of Count I.

20.      This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

21.      FT Elevator, pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Health Benefit Plan in the amounts and on the dates required by its Collective Bargaining Agreements with the International Union of Elevator Constructors in order to maintain the benefits provided through the NEI Health Benefit Plan.

22.      FT Elevator has repeatedly failed to submit timely reports or contributions to the NEI Health Benefit Plan in violation of the requirements of the aforementioned Agreements and

Declarations of Trust.

WHEREFORE, in Count II, the NEI Health Benefit Plan prays judgment as follows:

A.      For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring FT Elevator to submit timely contributions and report to the NEI Health Benefit Plan.

B.      For such further relief as the Court may deem appropriate.

## COUNT III

23.     The NEI Health Benefit Plan hereby adopts, incorporates and restates in Count III paragraphs 1 through 22 of Counts I and II.

24.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual officer and/or owner, Donald A. Plancich, acting in the capacity of a fiduciary controlling the NEI Health Benefit Plan's plan assets.

25.     Upon information and belief, the Defendant, Donald A. Plancich, determined the total amount of the employer's (FT Elevator, the company for which he is an officer and/or owner) monthly Health Benefit Plan's contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiff Health Benefit Plan for other purposes.  Thus, Defendant Donald A. Plancich exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

26.     Upon information and belief, as an officer and/or owner of FT Elevator, Defendant,

Donald A. Plancich, voluntarily entered the Collective Bargaining Agreemens with the International Union of Elevator Constructors. As such, Defendant Donald A. Plancich obligated FT Elevator to make deductions from employee paychecks to cover certain payments to the Plaintiff's Plan and forward the monies to the Plaintiff's Plan, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. The Plaintiffs audited FT Elevator for the period of September 28, 2010 to April 30, 2014. A balance exists for the audit amounts due the Health Benefit Plan of $86,947.00, plus additional accrued interest and audit fees. Additional interest has and will continue to accrue on this outstanding audit amount. In addition, FT Elevator underpaid the contributions for the Health Benefit Plan for June 2016 in the amount of $122.62. Defendant Donald A. Plancich failed to have FT Elevator forward all the health benefit contributions and interest found due in the audit for the period of September 28, 2010 to April 30, 2014 as well as the contributions for June 2016.

27. FT Elevator signed the Collective Bargaining Agreements with the International Union of Elevator Constructors on September 28, 2010 and August 7, 2012. (See attached). Paragraph 7 of these Collective Bargaining Agreements provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

28. Upon information and belief, Defendant Donald A. Plancich deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms

calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiff's Plan.  Upon information and belief, those amounts were deposited into FT Elevator's general accounts and used for purposes other than payment of the employees' benefit contributions.

29.    Defendant Donald A. Plancich knew that FT Elevator entered into the Collective Bargaining Agreements and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Donald A. Plancich knew that FT Elevator periodically turned these amounts over to the Plaintiff's Plan.

30.    The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

31.    Upon information and belief, Defendant, Donald A. Plancich, is a fiduciary to the Plaintiff's Plan based on the fact that he commingled plan assets with FT Elevator's general assets and used those funds to pay other creditors.  Defendant exercised authority or control respecting disposition of plan assets.  Thus, Defendant Donald A. Plancich is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

32.    Defendant failed to remit contributions to the Plaintiff on behalf of his employees.

WHEREFORE, in Count III, the NEI Health Benefit Plan prays judgment as follows:

Defendant, Donald A. Plancich, is jointly and severally liable for the following:

A.    For $86,947.00 in contributions due for the payroll audit of September 28, 2010 to April 30, 2014, plus additional accrued interest and audit fees; and

B.      For $122.62 in contributions due for June 2016; and

C.      For liquidated damages in the amount of $17,410.65; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the
Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing
subsequent to the filing of this action, or which have yet to be reported, through the
date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29
U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: June 21, 2017                         **O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
By:      s/ Robert P. Curley
Robert P. Curley
Attorney I.D. No. 55760
By:      s/ David D. Capuano
David D. Capuano
Attorney I.D. No. 70238
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 21st day of June 2017 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
>         Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

> s/ David D. Capuano
> David D. Capuano